UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALI SHAHROKI, | Case No. 2:21-cv-02251-RFB-VCF |
| Plaintiff, | |
| v. | ORDER |
| JAMES W. HARDESTY, | |
| Defendant. | |

I.   INTRODUCTION

This case is one of many that Plaintiff has brought in this district, challenging the actions taken by Nevada judicial officers in Plaintiff's state-court child custody proceedings.[1] See Shahroki v. Throne et al., Case No. 2:22-cv-00001-JAD-NJK; Shahroki v. Harter, et al., Case No. 2:21-cv-01126-RFB-NJK; Shahrokhi v. Harter, et al., Case No. 2:21-cv-00557-APG-BNW; Phillips, et al. v. Ochoa, et al., Case No. 2:21-cv-00483-APG-NJK; Phillips, et al. v. Truby, et al., Case No. 2:21-cv-00358-KJD-EJY; Shahrokhi v. Tao, et al., Case No. 2:20-cv-02346-GMN-VCF; Phillips, et al. v. Duckworth, et al., 2:20-cv-02345-RFB-NJK; Shahrokhi v. Harter, et al., Case No. 2:20-cv-01623-JAD-NJK; Shahrokhi v. Harter, et al., Case No. 2:20-cv-01019-APG-VCF.

Before the Court are Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Motion

---

[1] On July 18, 2022, Judge Dorsey entered an order deeming Plaintiff a vexatious litigant in the District of Nevada and issuing a prefiling injunction against him. See Shahroki v. Throne et al., Case No. 2:22-cv-00001-JAD-NJK, ECF No. 21.

to Strike (ECF No. 8). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motion to Strike is DENIED.

## II. PROCEDURAL HISTORY

On December 28, 2021, Plaintiff filed the Complaint. ECF No. 1. On January 12, 2022, Defendant filed the instant Motion to Dismiss. ECF No. 6. On January 26, 2022, Plaintiff filed the instant Motion to Strike. ECF No. 8. On February 7, 2022, Defendant filed a Response to the Motion to Strike. ECF No. 9. On February 15, 2022, Plaintiff filed a Reply to the Motion to Strike. ECF No. 10.

## III. FACTUAL ALLEGATIONS

Plaintiff is a resident of Nevada. Defendant resides in Nevada and is employed as a Nevada Supreme Court Justice.

Plaintiff has been involved in child custody proceedings in the Nevada family courts, which resulted in his child being removed from his custody and care. On December 16, 2021, Plaintiff filed a Petition for Writ of Mandamus before the state supreme court. The petition alleged that the Nevada family courts violated Plaintiff's First Amendment rights. A Nevada Supreme Court panel comprised of Defendant and two other justices denied Plaintiff's petition.

Plaintiff brings claims under 42 U.S.C. § 1983, alleging that the Nevada Supreme Court's order denying his petition violates the First, Fourth, and Fourteenth Amendments. Plaintiff also alleges state law claims for negligence and intentional infliction of emotional distress. Plaintiff seeks a total of $200 million in compensatory and punitive damages.

## IV. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court may also dismiss a complaint for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

V.   DISCUSSION

Defendant argues that the claims alleged in Plaintiff's Complaint are barred by absolute judicial immunity. Defendant argues that the Nevada Supreme Court's order denying Plaintiff's petition for mandamus relief constitutes a "prototypical judicial act," issued in the normal course by the court. Defendant emphasizes that the underlying controversy "surrounded a normal writ proceeding where the Nevada Supreme Court possessed original jurisdiction," that the decision to deny Plaintiff's writ – which was a "request for extraordinary relief" – is a typical use of judicial discretion that absolute judicial immunity is designed to protect, and that the issue arose directly out of an original proceeding before the Nevada Supreme Court. Furthermore, Defendant contends that absolute judicial immunity covers both state law tort claims and claims arising under 42 U.S.C. § 1983.

3

Plaintiff did not directly oppose Defendant's Motion to Dismiss on the merits, but instead filed a Motion to Strike the dispositive motion under FRCP 11(a) and FRCP 12(f). Plaintiff argues that defense counsel Shevorski's representation of Defendant Hardesty violates the state constitution's recognition of separation of powers, and that Shevorski – an attorney employed by the Nevada Office of the Attorney General – "cannot sign [the motion] on behalf of the judicial department."

As a preliminary matter, the Court denies Plaintiff's Motion to Strike. FRCP 11(a) requires courts to strike unsigned filings, and FRCP 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 11(a); 12(f). Plaintiff's Motion to Strike is not properly brought under either rule, as the Motion to Dismiss is not a "pleading," and it was also properly signed by defense counsel. The Court also rejects Plaintiff's argument that the Shevorski cannot lawfully sign the motion because doing so violates separation of powers. The Nevada Constitution provides that "no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others . . . ." Nev. Const. art. III, § 1. Plaintiff does not explain how the Attorney General representing a Nevada judicial officer would constitute an exercise of a judicial function by the executive branch, nor does Plaintiff point to any caselaw that would support such an argument. Further, the Court recognizes that by the will of the Nevada Legislature, the Attorney General is empowered to represent state judicial officers. See N.R.S. § 41.0339(1) (stating that the attorney general "shall provide for the defense, including the defense of cross-claims and counterclaims, of any present or former local judicial officer, state judicial officer, officer or employee of the State or a political subdivision").

Moving to the Motion to Dismiss, the Court finds that Plaintiff's claims are barred by judicial immunity. Judges are entitled to absolute immunity for "judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). The scope of the immunity is construed broadly and applies even when it is alleged that a judge engaged in offenses like bribery and conspiracy. Id. at 1077-78. Immunity will not apply where a judge

"performs an act that is not judicial in nature" or acts in "clear absence of all jurisdiction." Id. at 1075. The test for whether an alleged act is judicial in nature considers if: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with a judge in his or her official capacity." Id. These factors "are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." Id. at 1076.

The Court finds that Defendant is entitled to judicial immunity. Among other things, Plaintiff alleges that Defendant – in denying Plaintiff's state court petition – failed to hold the state to its "burden of proof," improperly exercised "unlimited judicial discretion," and violated Plaintiff's constitutional rights. While Plaintiff is not clear about the specific conduct alleged to be unconstitutional and tortious, it is evident that he challenges Defendant Hardesty's ruling on his Petition for Writ of Mandamus. Thus, Plaintiff challenges actions undertaken in Defendant's official capacity as a judge. Because the conduct challenged is quintessentially judicial in nature, judicial immunity precludes all claims against Defendant.

The Court accordingly grants Defendant's Motion to Dismiss and dismisses the Complaint in its entirety.

VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that the [6] Motion to Dismiss is GRANTED and the [8] Motion to Strike is DENIED.

The Clerk of the Court is instructed to close this case.

**DATED: August 18, 2022**

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**